UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALISON KELLY,

    Plaintiff                                      DOCKET NO.: 1:20-CV-11498

V.

LEONA CHAN and
TRACY YOUNG and
MICHAEL COX AS TRUSTEES OF THE
110 P STREET CONDOMINIUM TRUST,

    Defendants

---

**COMPLAINT OF THE PLAINTIFF**

---

### Nature of the Claim

1. This is a claim for personal injury as a result of a fall on property.

### Description of the Parties

2. The plaintiff, Alison Kelly, resides at 4 Terry Lane, Bayville, NY.

3. The defendant, Leona Chan, resides at 110 P Street, Unit 2, South Boston, MA and is the owner of the condominium at that address.

4. Tracy Young and Michael Cox both reside at 110 P Street in South Boston and are Trustees of the 110 P Street Condominium Trust.

### Jurisdiction

5. Jurisdiction of the Court is based on diversity of citizenship. The plaintiff is a resident of New York, and both defendants are residents of Massachusetts.

6. The claim in controversy exceeds a value of $75,000.

## General Allegations

7. On or about September 15, 2018, the plaintiff, Alison Kelly, was on the premises of 110 P Street, Unit 2 for a party that was being held at Unit 2 including the rear porch.

8. At the time of the subject incident, the plaintiff was on the rear porch with others and the rear porch collapsed causing serious personal injuries to the plaintiff.

9. As a direct and proximate result thereof, the plaintiff sustained serious injuries, was unable to attend to her normal duties and occupation, suffered great pain and suffering, was forced to expensive sums for medical attention, and otherwise has sustained damages.

## COUNT I
## Alison Kelly v. Leona Chan

10. The plaintiff, Alison Kelly, realleges paragraphs 1 through 9 and incorporates them as if more fully set forth herein.

11. The defendant, Leona Chan, organized and ran a party at her premises on the rear porch when it was not safe to do so.

12. There were too many guests allowed on the rear porch. As a direct and proximate result thereof, the rear porch collapsed causing injuries to the plaintiff as more fully set forth in the general allegations above.

13. The defendant so negligently and carelessly organized and supervised the party to allow an excessive number of persons on the rear porch.

14. The defendant failed to properly inspect and maintain the rear porch to make sure it was safe for use.

## COUNT II
## Alison Kelly v. Condominium

15. The plaintiff, Alison Kelly, realleges paragraphs 1 through 14 and incorporates them as if more fully set forth herein.

16. The trustees of said condominium knew or should have known that the rear porch was not in the type of condition that would support its use for a gathering of persons.

17. The defendants failed to properly maintain, inspect and care for the rear porch, and allowed it to be in an unsafe and dangerous condition.

18. As a direct and proximate result thereof, the plaintiff sustained serious personal injuries as more fully set forth in the general allegations above.

**WHEREFORE**, the plaintiff demands judgment against the defendant in an amount to be determined by the fact finder along with interest and costs.

**THE PLAINTIFF DEMANDS JUDGMENT AGAINST BOTH DEFENDANTS IN AN AMOUNT TO BE DETERMINED BY THE FACTFINDER ALONG WITH INTEREST AND COSTS.**

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

                                          Respectfully submitted,
                                          The plaintiff,
                                          ALISON KELLY,
                                          By her attorney,

DATED:_____          \_\_\_\_/S/_____
                                          Lewis C. Eisenberg, Esq. / BBO #152140
                                          CEK QUINCY, P.C.
                                          803 Hancock Street
                                          Quincy, MA 02170
                                          (617) 479-7770